UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMY E., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-cv-06130-BAT <br><br> **ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff appeals denial of his application for Supplemental Security Income. He contends the ALJ erred in addressing two medical opinions. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 36 years old, has a high school education and has no past relevant work. Tr. 25. Plaintiff alleges disability as of November 17, 2016. Tr. 15. Based on severe impairments of post-traumatic stress disorder (PTSD), major depressive disorder, anti-social personality disorder, generalized anxiety disorder, and cervical spine impairments, the ALJ found Plaintiff could perform simple, routine work at the medium exertion level, occasionally interacting with coworkers and the public. Tr. 17-18, 20.

**DISCUSSION**

**A.     Chloe Grey, LMHCA**

Ms. Grey, Plaintiff's treating mental health provider, filled out a Mental Source Statement in January 2018. Tr. 487-90. She opined Plaintiff was "moderately limited" in, which the form defined as "unable to perform [for] 20% [to] 33% of the work day," maintaining attention and concentration for extended periods, maintaining punctual attendance, and completing a normal workday and work week. Tr. 487-88. The ALJ gave Ms. Grey's opinions "significant weight" because "[a]s a treating source, she is in the best position" to assess Plaintiff's limitations and because her opinions were consistent with the medical evidence. Tr. 24. However, the RFC included no corresponding limitations.

The Commissioner argues the form and Ms. Grey's opinions were ambiguous and the ALJ was thus entitled to interpret the word "moderate" as less limiting than the form states. The ALJ's decision does not contain such an analysis and the Commissioner's contention is thus an improper *post hoc* argument upon which the Court cannot rely. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

The Court concludes the ALJ erred by failing to either incorporate Ms. Grey's opined limitations into the RFC or provide reasons to reject them. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). On remand, the ALJ should reevaluate Ms. Grey's opinions.

**B.     Daniel Pratt, Psy.D.**

Dr. Pratt examined Plaintiff in November 2016 and opined he had "severe" limitations, defined as "inability to perform," communicating and performing effectively, maintaining

appropriate behavior, and completing a normal workday and workweek.  Tr. 352.  Dr. Pratt opined Plaintiff had "marked," defined as "very significant," limitations in most other work-related areas.  *Id.*  The ALJ gave Dr. Pratt's opinions very little weight as unsupported by his own and other clinical findings, and due less weight than the opinions of Plaintiff's treating provider, Ms. Grey.  Tr. 24-25.

Dr. Pratt's clinical findings included abnormalities in appearance, attitude and behavior, mood, affect, thought content, perception, and abstract thought.  Tr. 353-54.  The ALJ did not explain why these were insufficient to support Dr. Pratt's opinions.  The ALJ noted some normal findings but did not explain how they undermine Dr. Pratt's opinions.  For example, Dr. Pratt found sufficient concentration to complete a simple task, but Dr. Pratt did not opine marked or severe limitation in completing simple tasks.  Tr. 25, 352.  Lack of supporting evidence was not a specific and legitimate reason to discount Dr. Pratt's opinions.

As discussed above, the ALJ erred in interpreting Ms. Grey's opinions.  Conflict with her opinions was not a reason to discount Dr. Pratt's.  The ALJ shall reevaluate Dr. Pratt's opinions in light of a reevaluation of Ms. Grey's.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Ms. Grey's and Dr. Pratt's opinions, develop the record and reassess the RFC as needed, and proceed to step five as appropriate.

DATED this 28th day of July, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge